# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUANNE VANORD | ) | No. 13-27 |
| | ) | |
| V. | ) | |
| | ) | |
| CAROLYN COLVIN | ) | |

## OPINION AND ORDER

### SYNOPSIS

In this action, Plaintiff filed for disability and supplemental social security income pursuant to Titles II and XVI of the Social Security Act. She alleged disability due, <u>inter alia</u>, to fibromyalgia and depression. The claims were denied initially, and upon hearing. Before the Court are the parties' cross-motions for summary judgment. For the following reasons, Defendant's Motion will be granted, and Plaintiff's denied.

### OPINION

**I.   STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. <u>Burns v. Barnhart</u>, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. <u>Ventura v. Shalala</u>, 55 F.3d 900, 901 (3d Cir. 1995) (quoting <u>Richardson v. Perales</u>, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). Otherwise

stated, "[s]ubstantial evidence 'does not mean a large or considerable amount of evidence….'" Hartranft v. Apfel, 181 F.3d at 360 (quoting Pierce v. Underwood, 487 U.S. 552, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). In conducting its review, the court must consider "the evidentiary record as a whole…." Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190 (3d Cir. 1986).

II. **THE PARTIES' MOTIONS**

Plaintiff takes issue with the ALJ's treatment of two consulting mental health sources. Further, Plaintiff contends that the ALJ failed to apply the appropriate legal standards when assessing Plaintiff's credibility. Lastly, she contends that the ALJ's physical RFC finding, for sedentary work, is not supported by substantial evidence or the special circumstances relating to fibromyalgia, and that the RFC failed to account for a function-by-function assessment of Plaintiff's abilities.

Based on my limited scope of review, I am constrained to find that the ALJ appropriately considered the medical evidence relating to Plaintiff's allegations of mental disability, including the opinions of Drs. Hill and Totin, both consulting sources. The ALJ thoroughly discussed each pertinent aspect of the record, and concluded that Plaintiff's mental impairments did not cause more than a minimal limitation in her ability to perform work activities. Dr. Hill's note that

Plaintiff "might" have trouble with stress does not require a contrary conclusion. Dr. Hill also stated that any medically determinable mental impairment caused no more than mild limitations. Likewise, Dr. Totin's conclusions were found to be consistent with Plaintiff's activities of daily living. In other words, there is such relevant evidence as a reasonable mind might accept as adequate to support the ALJ's conclusion that Plaintiff's mental impairments were non-severe. I find no error in this aspect of the ALJ's approach.

Next, I address the ALJ's RFC conclusions. There is no question that fibromyalgia, an elusive problem, poses special circumstances in the social security arena. "Because objective tests may not be able to verify a diagnosis of fibromyalgia, the reports of treating physicians, as well as the testimony of the claimant, become even more important in the calculus for making a disability determination." Perl v. Barnhart, No. 3-4580, 2005 U.S. Dist. LEXIS 3776, at *3 (E.D. Pa. Mar. 10, 2005). However, as Plaintiff's counsel observed at the hearing, the treating physician diagnosed her with fibromyalgia "based upon what [Plaintiff] tells him." Thus, as counsel acknowledged, the issue is reduced to Plaintiff's credibility -- a medical source cannot transform a claimant's complaints into medical opinion merely by recording them. Hatton v. Comm'r, 131 Fed. Appx. 877, 879 (3d Cir. 2005). Moreover, a diagnosis of fibromyalgia alone does not establish disability. Instead, a Plaintiff must demonstrate that she has "such a severe case of fibromyalgia as to be totally disabled from working." Sarchet v. Chater, 78 F.3d 305, 307 (7th Cir. 1996). I note that Plaintiff points to no aspect of treating source Dr. Master's opinion, or any other medical source, that the ALJ allegedly disregarded or failed to credit; she did not reject the diagnosis of fibromyalgia. In other words, nowhere did a medical source opine that Plaintiff was disabled or unable to perform certain functions as a result of her fibromyalgia.

Instead, Plaintiff essentially suggests that the fact that Plaintiff treated with Dr. Masters over a period of time bolsters Plaintiff's own credibility regarding her complaints of disabling pain.

That brings us, then, to the question of Plaintiff's credibility. Of course, the fact that the ALJ found Plaintiff was not disabled does not mean that she found her without any credible complaints of pain; indeed, she found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. Certainly, an individual need not be symptom-free to be capable of some degree of work. Welch v. Heckler, 808 F.2d 264, 270 (3d Cir. 1986); Burt v. Astrue, No. 9-227, 2010 U.S. Dist. LEXIS 101955, at *28 (E.D. Tenn. July 6, 2010). Moreover, while "the ALJ must seriously consider a claimant's subjective complaints, it is within the ALJ's discretion to weigh such complaints against the medical evidence, and to reject them." Harris v. Astrue, 886 F. Supp. 2d 416, 426 (D. Del. 2012). Indeed, under a deferential substantial evidence standard of review, it is particularly inappropriate to second guess such credibility determinations. See Darvishian v. Geren, 404 F. App'x 822, 831 (4th Cir. 2010) (explaining that under a substantial evidence standard of review, an administrative fact-finder's determinations on issues of credibility should be "virtually unreviewable on appeal"). Here, the ALJ explained her conclusions regarding Plaintiff's complaints, and in so doing, explicitly considered the objective medical evidence and Plaintiff's activities of daily living.

Finally, I reach Plaintiff's argument that the ALJ failed to complete a function-by-function assessment of non-exertional limitations. Although the ALJ did not specify each of the demands and analyze each separately, it is clear that she considered the record as a whole when arriving at her conclusions about Plaintiff's ability to lift, carry, sit, stand, walk, climb, balance, stoop, kneel, crouch, and crawl. The ALJ considered what Plaintiff's past work involved, and then looked to the entire record in determining that she could perform the full range of sedentary

work. The DOT categorizes as sedentary Plaintiff's former work as a secretary. Under the circumstances, this is sufficient. See Ingram v. Comm'r, No. 10-4408, 2011 U.S. Dist. LEXIS 72550, at **19-20 (D.N.J. July 6, 2011). Moreover, as one court has noted:

> Sedentary is the most restrictive level of work. It involves lifting no more than 10 pounds at a time, occasional lifting and carrying of objects like files and small tools, and occasional walking and standing. … Given the very nature and definition of sedentary work, restrictions on bending, squatting, crawling, kneeling, heights and hazards generally would not affect [a claimant's] ability to perform her job.

Hairston v. Astrue, No. 11-57, 2013 U.S. Dist. LEXIS 132025, at *16 (W.D. Va. July 10, 2013).

# CONCLUSION

In sum, under my limited scope of review, I cannot re-weigh the evidence. Accordingly, for the foregoing reasons, I am constrained to find that the ALJ's decision was supported by substantial evidence. Therefore, Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

# ORDER

AND NOW, this 14th day of February, 2014, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion for Summary Judgment is DENIED, and Defendant's is GRANTED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court